UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROD GERMAINE ROBY,

      Plaintiff,                      CIVIL ACTION NO. 12-10615

      v.                                  DISTRICT JUDGE MARK A. GOLDSMITH

COMMISSIONER OF                  MAGISTRATE JUDGE MARK A. RANDON
SOCIAL SECURITY,

      Defendant.
_____/

**REPORT AND RECOMMENDATION**
**ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

Plaintiff Jerod Germaine Roby ("Plaintiff") challenges the final decision of the Commissioner of Social Security's ("Commissioner") denial of his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Both parties filed summary judgment motions (Dkts. 8, 11 & 13)[1], which are before this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) (Dkt. 2).

**I. RECOMMENDATION**

For the reasons set forth below, this Magistrate Judge finds that substantial evidence supports the Administrative Law Judge's decision that Plaintiff was not disabled. Accordingly, it is **RECOMMENDED** that Plaintiff's Motion for Summary Judgment be **DENIED**, Defendant's Motion for Summary Judgment be **GRANTED**, and the decision of the Commissioner be **AFFIRMED**.

---

[1] Plaintiff's motion for summary judgment appears twice on the docket (Dkts. 8 & 11), but the documents are identical.

**II. REPORT**

    *A.    Administrative Proceedings*

Plaintiff applied for benefits on September 22, 2008, alleging that he became unable to work on that date (Tr. 19, 116). The application was initially denied by the Commissioner on November 10, 2008 (Tr. 19). Plaintiff requested a hearing and, on April 16, 2010, Plaintiff appeared with counsel before Administrative Law Judge ("ALJ") Karen Sayon, who considered the case *de novo*. In a decision dated April 30, 2010, the ALJ found that Plaintiff was not disabled (Tr. 19-28). Plaintiff requested a review of this decision from the Appeals Council; on January 20, 2012, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for further review (Tr. 1-3).

    *B.    ALJ Findings*

Plaintiff was 32 years old on the date of the hearing (Tr. 38). The ALJ applied the five-step disability analysis to Plaintiff's claim and found at step one that Plaintiff had not engaged in substantial gainful activity since September 22, 2008, his alleged disability onset date (Tr. 21).

At step two, the ALJ found that Plaintiff had the following "severe" impairments: "adjustment disorder with a depressed mood, and a paranoid personality disorder." *Id*.

At step three, the ALJ found no evidence that Plaintiff's combination of impairments met or medically equaled one of the listings in the regulations (Tr. 22).

Between steps three and four, the ALJ found that Plaintiff had the Residual Functional Capacity ("RFC") to perform:

> [T]he full range of work at all exertional levels but with the following nonexertional limitations: simple instructions, routine task (sic); no public interaction; no tandem tasks with co-workers; only occasional interaction with co-workers; and only occasional interaction with supervisors (Tr. 24).

At step four, the ALJ found that Plaintiff could not perform his previous work, as he did not have any past relevant work (Tr. 26).

At step five, the ALJ denied Plaintiff benefits, finding that Plaintiff could perform a significant number of jobs available in the national economy, such as groundskeeper (4,000 jobs in Michigan's lower peninsula), assembler (medium) (15,000 jobs), assembler (light) (10,000 jobs) or dishwasher (4,200 jobs) (Tr. 27).

    *C.*      *Plaintiff's Claims of Error*

Because Plaintiff does not challenge the medical aspects of the Commissioner's decision, this Report and Recommendation omits discussion of the medical evidence. Plaintiff argues that this case should be remanded because of certain procedural errors. Specifically, Plaintiff claims that the ALJ: (1) erred in discussing only a claim for SSI benefits (not DIB benefits), when he applied for benefits under both programs; (2) erred at step four of the analysis by finding that he had no past relevant work; and (3) erred by relying on flawed Vocational Expert ("VE") testimony.

**III.    DISCUSSION**

    *A.*      *Framework for Disability Determinations*

Under the Social Security Act (the "Act") Disability Insurance Benefits and Supplemental Security Income are available only for those who have a "disability." *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). The Act defines "disability," in relevant part, as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three: If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education, or work experience.
>
> Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*See* 20 C.F.R. §§ 404.1520, 416.920; *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001). "The burden of proof is on the claimant throughout the first four steps . . . . If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the [defendant]." *Preslar v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

### B.     *Standard of Review*

This Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited such that the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005)

(internal quotation marks omitted); *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647 (6th Cir. 2009) ("[I]f an agency has failed to adhere to its own procedures, we will not remand for further administrative proceedings unless the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses." (internal quotation marks omitted)). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks omitted); *see also Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted) (explaining that if the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion."); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes . . . a zone of choice within which the decisionmakers can go either way, without interference by the courts" (internal quotation marks omitted)).

When reviewing the Commissioner's factual findings for substantial evidence, this Court is limited to an examination of the record and must consider that record as a whole. *See Bass*, 499 F.3d at 512-13; *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The Court "may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston*, 245 F.3d at 535. There is no requirement, however, that either the ALJ or this Court discuss every piece of evidence in the administrative record. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("[A]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party." (internal quotation marks omitted)). Further, this Court does "not try the case de novo,

resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Rogers*, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant.").

    **C.**    *Analysis*

As noted earlier, Plaintiff claims the ALJ committed three, narrow, procedural errors. Each argument is discussed below:

### 1. The ALJ Did Not Err By Only Discussing SSI Benefits

Plaintiff first argues that this case should be remanded because the ALJ's written opinion only discusses SSI benefits, when Plaintiff applied for *both* SSI and DIB benefits. DIB and SSI are available only for those individuals who have a "disability." 42 U.S.C. § 423(a), (d); *see also* 20 C.F.R. § 416.920. "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (definition used in the DIB context); *see also* 20 C.F.R. § 416.905(a) (same definition used in the SSI context). The federal court's standard of review for SSI cases "mirrors the standard applied in social security disability cases." *See Bailey v. Sec'y of Health and Human Servs.*, No. 90–3265, 1991 WL 310 at * 3 (6th Cir., Jan. 3, 1991). "The standard for disability under both the DIB and SSI programs is virtually identical." *Wadsworth v. Comm'r of Soc. Sec.*, Case No. 10–cv–11216, 2011 WL 4537075 FN1 (E.D. Mich., May 18, 2011).

The record indicates that Plaintiff filed a DIB application in September 2008; the DIB application alleged the same disability onset date as his SSI application (September 22, 2008). Thus, the ALJ's decision concerning SSI benefits covered the entire period alleged in Plaintiff's

DIB application. Because the standards for DIB and SSI benefits are essentially the same, any alleged error flowing from the ALJ's failure to specifically discuss DIB benefits in her written opinion is harmless. Plaintiff is not entitled to a remand on this issue.

### 2. The ALJ Did Not Err In Finding That Plaintiff Had No Prior Relevant Work

Plaintiff next argues that the ALJ erred at step four of the disability analysis by finding that Plaintiff had no past relevant work experience. Plaintiff claims that he did, in fact, have past relevant work as a maintenance worker (Tr. 27). This claim of error should be rejected.

First, it appears that the ALJ's determination that Plaintiff's maintenance work did not rise to the level of "substantial gainful activity" (and thus, was not "past relevant work[2]") is supported by substantial evidence. Plaintiff's highest earnings were in 2005, when he earned $7,917.90, or an average of $659.83 per month (Tr. 140). The threshold for substantial gainful activity in 2005 was $830 per month.[3] Thus, Plaintiff's past maintenance work did not rise to the level of substantial gainful activity.

Second, the ALJ's finding of no past relevant work was actually *favorable* to Plaintiff. Thus even assuming the ALJ somehow erred in concluding that Plaintiff had to prior relevant work, any such error was harmless to Plaintiff. A finding of past relevant work impacts two areas of the five step analysis. At step four, an ALJ can *deny* a claimant benefits, if the ALJ concludes that the claimant could do his or her past relevant work. In this case, the ALJ found that Plaintiff had no past relevant work, thus she essentially skipped the full step four analysis. A claimant may also be found "not disabled" at step five, if there is work he or she could do with

---

[2] To be considered "past relevant work," a claimant's prior work must have constituted "substantial gainful activity." *See* 20 C.F.R. § 404.1560(b).

[3] *See* http://www.ssa.gov/oact/cola/sga.html

transferrable skills obtained from past relevant work. Again, a finding of no past relevant work does not hurt a claimant at this point of the review, but rather permits the ALJ to sidestep a portion of the analysis that could only result in a finding unfavorable to the claimant.

In sum, the ALJ's conclusion that Plaintiff did not have any past relevant work is supported by substantial evidence and, even if it were not, any error flowing from such a finding was harmless.

### 3. The ALJ Did Not Err By Relying On The VE's Testimony

Plaintiff's final argument relates to the testimony of the VE. Plaintiff alleges that work as a groundskeeper is "semi-skilled," and beyond Plaintiff's abilities (Dkt. 11 at 7). However, the VE testified that the Dictionary of Occupational Titles ("DOT") code for this work was 406.687-010 (Tr. 54). The DOT lists this work as having a specific vocational preparation ("SVP") level of 2. *See* 1991 WL 673342. Work with an SVP level of 1 or 2 is "unskilled," not "semi-skilled." *See* Social Security Ruling 00-4p, 1991 WL 672757. Thus, Plaintiff's argument has no merit.

Plaintiff also alleges that the VE's testimony was flawed because she recited the DOT code related to "silver wrapper" for the job she identified as "dish washer." This error is insubstantial and does not warrant a remand. First, the DOT definition of "silver wrapper[4]" is similar to the job of a "dish washer." Second, a VE need not use the exact terminology as the DOT. *See Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 605 (6th Cir. 2009). As *Lindsley* makes clear, not all occupations are included in the DOT, and the VE may use terminology that differs from the terms used in the DOT. *See id.* ("The fact, therefore, that a VE and the DOT

---

[4] A Silver Wrapper "[s]preads silverware on absorbent cloth to remove moisture. Wraps individual place settings in napkins or inserts them with prescribed accessory condiments in plastic bag and closes bag with electric sealer. May immerse silverware in cleaning solution to remove soap stains before wrapping. May place tarnished and bent eating utensils aside." *See* http://www.oalj.dol.gov/PUBLIC/DOT/REFERENCES/DOT03A.HTM

might use different terminology to describe employment positions does not establish that a conflict exists between these sources of evidence.")

Furthermore, the ALJ fully complied with SSR 00-4p when she asked the VE whether her testimony was "consistent with the information in the [DOT]." *See Lindsley*, 560 F.3d at 606 (holding that the ALJ fulfilled his duties when he asked the VE whether there was any "discrepancy between your opinions and the DOT standards," even if the VE did not disclose a conflict). As *Lindsley* makes clear, the ALJ is under no obligation to investigate the accuracy of the VE's testimony beyond the inquiry mandated by SSR 00-4p. *Id.* Rather, this obligation fell to Plaintiff's counsel, who had the opportunity to cross-examine the VE and bring out any conflicts with the DOT. The fact that Plaintiff's counsel elected not do so during the hearing is not grounds for relief on appeal. *See Beinlich v. Comm'r of Soc. Sec.*, 345 Fed. App'x. 163, 168-169 (6th Cir. 2009). This Magistrate Judge finds that Plaintiff's final argument is without merit.

### III. CONCLUSION

Based on the foregoing, this Magistrate Judge **RECOMMENDS** that Plaintiff's motion for summary judgment be **DENIED**, Defendant's motion for summary judgment be **GRANTED**, and the findings and conclusions of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *See McClanahan v. Comm'r*

*Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this Magistrate Judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response.  *See* E.D. Mich. LR 72.1(d)(3), (4).

s/Mark A. Randon
Mark A. Randon
United States Magistrate Judge

Dated:  January 14, 2013

*Certificate of Service*

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, January 14, 2013, by electronic and/or ordinary mail.

*s/Melody Miles*
*Case Manager*